1  J. Noah Hagey, Esq. (SBN: 262331)
      hagey@braunhagey.com
2  Lauren Zweier (SBN: 291361)
      zweier@braunhagey.com
3  BRAUNHAGEY & BORDEN LLP
   220 Sansome Street, Second Floor
4  San Francisco, CA 94104
   Telephone:  (415) 599-0210
5  Facsimile:  (415) 276-1808

6  James E. Griffith (*pro hac vice* forthcoming)
      jgriffith@marshallip.com
7  Gregory J. Chinlund (*pro hac vice* forthcoming)
      gchinlund@marshallip.com
8  Julianne M. Hartzell (*pro hac vice* forthcoming)
      jhartzell@marshallip.com
9  Marshall, Gerstein & Borun LLP
   233 South Wacker Drive
10 6300 Willis Tower
   Chicago, IL  60606-6357
11 Telephone: (312) 474-6300
   Fax: (312) 474-0448
12
   ATTORNEYS FOR PLAINTIFF
13 THE ESTATE OF VIVIAN MAIER

14

15            **UNITED STATES DISTRICT COURT**

16         **NORTHERN DISTRICT OF CALIFORNIA**

17

18 THE ESTATE OF VIVIAN MAIER,          Case No. 3:17-cv-03773

19            Plaintiff,                  **COMPLAINT**

20        v.

21 SCOTT NICHOLS GALLERY, LLC,           **JURY TRIAL DEMANDED**

22            Defendant.

23

24

25

26

27

28

Plaintiff The Estate of Vivian Maier ("the Estate") alleges as follows:

## INTRODUCTION

1.      This is a copyright infringement case brought by the Estate of Vivian Maier ("the Estate").  Vivian Maier was a Chicago photographer who died in 2009 and who has achieved worldwide posthumous recognition and acclaim.  The Estate owns the copyright to all photographs taken and other works created by Ms. Maier.

2.      Upon information and belief, in 2014, Scott Nichols Gallery ("Defendant") conducted unauthorized exhibitions of works created by Vivian Maier during which unauthorized prints of her unpublished works were exhibited, offered for sale and/or sold.

3.      Defendant's conduct has caused significant injury to the Estate and has resulted in unlawful profits to Defendant.  The Estate seeks an injunction against Defendant's further infringement; seizure and forfeiture of all remaining infringing copies and instruments of infringement that may remain in Defendant's possession, custody, or control; and all monetary remedies available under law, including but not limited to the Estate's damages and Defendant's profits.

## SUMMARY OF THE ALLEGATIONS

4.      The Estate seeks injunctive relief, lost profits, damages, costs, and reasonable attorneys' fees for acts of copyright infringement, under the Copyright Act, 17 U.S.C. §§101 et seq., based on Defendant's unlawful exploitation of the Estate's copyrighted works.

5.      Defendant's infringing activities caused injury to the Estate, with the effect of permitting Defendant to illegally profit from the unauthorized exploitation of the Estate's copyrighted material.

6.      Defendant's conduct contributed to depriving the Estate of control over the manner in which Ms. Maier's works would be introduced to the public, curated, published, and commercialized, since none of the works that Defendant infringed were ever published by Ms. Maier or her Estate.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

COMPLAINT

8.     The claims asserted herein arose in this judicial district and all arise out of transactions that took place in this judicial district.

9.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.  Venue is also proper in this judicial district because this is the judicial district in which Defendant and its agents may be found.

## PARTIES

10.     David A. Epstein is the Cook County Public Administrator.  Pursuant to an order issued by the Circuit Court of Cook County (Probate Division), dated July 1, 2014, and attached as Exhibit A, Epstein is the Supervised Administrator of the Estate of Vivian Maier and is empowered to bring legal actions to protect the assets of the Estate, including its copyright interests.  755 ILL. COMP. STAT. 5/13-4.

11.     The Estate is informed and believes and thereon alleges that the Scott Nichols Gallery is a company organized and existing under the laws of California.  On information and belief, Scott Nichols Gallery has a business address of 49 Geary Street, San Francisco, CA 94108.

## FACTS

### A.     The Maier Works

12.     Vivian Maier was a photographer who spent most of her life living in the Chicago, Illinois area as a nanny.

13.     Ms. Maier's photography was never professionally shown or exploited during her lifetime.  In fact, the vast majority of the photographs she took were never developed while she was alive.

14.     Ms. Maier died intestate on April 21, 2009, in Cook County, Illinois.

15.     Ms. Maier's estate includes all the personal and real property, tangible and intangible, vested or contingent, including intellectual property, of Vivian Maier.  The estate is subject to probate and distribution to heirs, known or unknown.

16.     Under the Copyright Act, 17 U.S.C. § 201(d)(1), the Estate holds and owns the copyright in works of authorship created by Ms. Maier, including but not limited to photographs

1   (including those embodied in undeveloped rolls of color and black and white film, negatives,

2   prints, and contact sheets), audiovisual works, motion pictures, literary works (including letters and

3   correspondence), sound recordings, and other works of authorship ("Maier Works").

4        17.     To date, the Circuit Court has not determined the identity of Ms. Maier's heir(s),

5   and as of July 1, 2014, the Public Administrator is authorized to act on behalf of the Estate.  See

6   Ex. A.

7        **B.     Defendant's Infringing Activities**

8        18.     Beginning in approximately 2010, a collector named Jeffrey Goldstein amassed a

9   series of vintage prints made by Ms. Maier.  His first purchase was 57 photographs from

10   photography collector Randy Prow.  Eventually, Goldstein would acquire approximately 2,000

11   vintage prints for his collection.

12        19.     In approximately 2010, Goldstein acquired through a series of transactions

13   approximately 15% of Ms. Maier's known black and white negatives and slides, totaling

14   approximately 20,000 images.  Most of these images were also purchased from Mr. Prow.

15        20.     Jeffrey Goldstein also obtained the negatives for approximately 1,700 color

16   negatives, along with nearly 300 rolls of undeveloped film, dozens of motion picture reels, and

17   other Maier-related items.

18        21.     On October 25, 2010, Jeffrey Goldstein founded Vivian Maier Prints, Inc. as a

19   corporation through which he would exploit the Maier negatives and other copyrighted material he

20   had acquired.

21        22.     In early 2011, Goldstein started creating unauthorized prints from the negatives he

22   had begun to process.

23        23.     Starting in approximately March to April 2011, Goldstein began exhibiting and

24   selling the unauthorized, posthumous prints he was creating of Ms. Maier's unpublished works for

25   well over $1,000.00 each, and often much higher, through various galleries throughout the United

26   States and Europe.  On information and belief, these prints were marked with a stamp of

27   Goldstein's signature on the reverse side as a matter of course.

28        24.     In 2014, Goldstein entered into an agreement with Scott Nichols Gallery to sell

unauthorized Vivian Maier prints at the Scott Nichols Gallery in San Francisco, California.  A copy of Defendant's agreement with Goldstein as well as related documents are attached as Exhibit B. On information and belief, Scott Nichols Gallery held an exhibition of Maier Works, during which unauthorized prints were sold, in approximately April 2014.

25.     On information and belief, Goldstein and Defendant offered and sold their unauthorized prints of Ms. Maier's works for prices between $1,800 and $4,500.

26.     Neither Defendant, Jeffrey Goldstein, nor his company ever sought or received permission from Ms. Maier or her Estate to exhibit, reproduce, or sell prints of Ms. Maier's work.

**CAUSES OF ACTION**

**First Cause of Action**
**Copyright Infringement**

27.     The Estate repeats and incorporates by reference the allegations contained in this Complaint as if fully set forth herein.

28.     Vivian Maier was the author of each of the original, unpublished photographs[1] registered in the registrations listed below and attached as Exhibit C.

| | |
|---|---|
| VAu001275940 | VAu001275938 |
| VAu001275878 | VAu001275926 |
| VAu001275937 | VAu001275928 |
| VAu001275877 | VAu001275931 |
| VAu001275876 | VAu001275934 |
| VAu001275939 | VAu001275884 |
| VAu001275941 | VAu001275936 |
| VAu001275886 | VAu001275924 |
| VAu001275916 | VAu001275921 |

[1] The works contained in the copyright registrations contained in the chart and Exhibit C comprise all approximately 20,000 Maier images which Goldstein digitized.  An identification of which specific images Defendant exploited is within the knowledge of Defendant and will be the subject of discovery.  Plaintiff has not attached all 20,000 images because all of these photographs remain unpublished, as defined by the Copyright Act, and attaching all of these images would be burdensome to the Court to receive as exhibits.

| | |
|---|---|
| VAu001275918 | VAu001275920 |
| VAu001275930 | VAu001275873 |
| VAu001275872 | VAu001275883 |
| VAu001275885 | VAu001275932 |
| VAu001275881 | VAu001275879 |
| VAu001278678 | VAu001278676 |
| VAu001278675 | VAu001278672 |
| VAu001263400 | |

29.     Each of the photographs contained in the registrations set forth in the list above is copyrightable subject matter under the laws of the United States.

30.     Pursuant to the Copyright Act, 17 U.S.C. § 201(d)(1), the Estate of Vivian Maier is the valid copyright holder in all works authored by Vivian Maier during her lifetime, including the works covered by the registrations set forth in the chart above.

31.     Goldstein had access to the Maier Works through his purchase of negatives, slides, and other objects embodying Ms. Maier's photographs and other works of authorship in 2010 and thereafter.  The photographs in the registrations set forth in the chart above were all contained within an archive of unauthorized digital copies of Maier Works created by Goldstein.

32.     After accessing Ms. Maier's work, Goldstein created copies of the copyrighted Maier photographs without the Estate's consent and engaged in acts of widespread infringement through posting the photographs via online websites, the organization of public exhibitions, the publication of books containing reprints of the photographs, and the creation and sale of prints.

33.     Scott Nichols Gallery contracted with Goldstein to exhibit and sell certain prints made of Ms. Maier's photographs in violation of the Estate's copyrights.  These photographs had never been published, and no permission was obtained from Ms. Maier or her estate to make, exhibit, or sell the prints, and no royalty was ever paid to Ms. Maier or her estate.

34.     Defendant's acts of copyright infringement, as alleged above, have caused the Estate to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income and profits, and a dilution of the value of the Estate's copyrights.

35.     Further, as a direct result of the acts of copyright infringement, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of the copyrighted Maier Works.  The Estate is entitled to disgorgement of Defendant's profits directly and indirectly attributable to its infringement of the Maier Works.

36.     Defendant's actions have caused and are likely to cause substantial injury to the public and to the Estate, its business, goodwill, and reputation.

37.     The Estate is entitled to injunctive relief prohibiting Defendant's further infringement, and to recover Defendant's profits associated with the infringement and the Estate's costs.

38.     Defendant's film negatives, plates, copies, and other embodiments of Maier Works from which copies can be reproduced should be impounded and forfeited to the Estate as instruments of infringement, and all infringing copies created by Defendant should be impounded and forfeited to the Estate, under 17 U.S.C. §503.

## PRAYER FOR RELIEF

WHEREFORE, the Estate prays for judgment as follows:

A.     That Defendant and its respective agents and servants be enjoined from infringing the Estate's copyrights in any manner;

B.     That Defendant forfeit to the Estate all infringing copies in its possession that have been made in violation of the exclusive rights of the Estate, the copyright owner;

C.     That Defendant forfeit to the Estate all plates, film negatives, masters, computer files, and other articles by means of which infringing copies in violation of the exclusive rights of the Estate, the copyright owner, may be reproduced;

D.     That Defendant make available to the Estate all information relating to any works of Vivian Maier that they hold or have held;

E.     That Defendant account to the Estate for its profits and any damages sustained by Ms. Maier and the Estate arising from the foregoing acts of infringement;

F.     That the Estate be awarded either (a) all profits of Defendant, plus all losses of the Estate, attributable to its infringement, the exact sum to be proven at the time of trial, or (b)

1    statutory damages, under 17 U.S.C. § 504, as elected by the Estate prior to final judgment;

2          G.     That the Estate be awarded enhanced damages and its reasonable attorneys' fees;

3          H.     That the Estate be awarded pre-judgment interest as allowed by law;

4          I.     That the Estate be awarded the costs of this action; and

5          J.     That the Estate be awarded such further legal and equitable relief as the Court deems

6    proper.

7    Dated:  June 30, 2017                    **BRAUNHAGEY & BORDEN LLP**

8                                             By:  /s/ J. Noah Hagey, Esq.

9                                                    J. Noah Hagey, Esq.
                                                     220 Sansome Street, Second Floor
10                                                   San Francisco, CA 94104
                                                     Telephone:  (415) 599-0210
11                                                   Facsimile:  (415) 276-1808
                                                     hagey@braunhagey.com
12
                                                     LOCAL COUNSEL FOR PLAINTIFF
13
                                             **MARSHALL, GERSTEIN & BORUN LLP**
14
                                                     James E. Griffith (*pro hac vice* forthcoming)
15                                                   Gregory J. Chinlund (*pro hac vice*
                                                     forthcoming)
16                                                   Julianne M. Hartzell (*pro hac vice*
                                                     forthcoming)
17                                                   233 South Wacker Drive
                                                     6300 Willis Tower
18                                                   Chicago, IL  60606-6357
                                                     Telephone: (312) 474-6300
19                                                   Fax: (312) 474-0448
                                                     jgriffith@marshallip.com
20                                                   gchinlund@marshallip.com
                                                     jhartzell@marshallip.com
21
                                                     ATTORNEYS FOR PLAINTIFF
22                                                   THE ESTATE OF VIVIAN MAIER
23

24

25

26

27

28

1                                **DEMAND FOR JURY TRIAL**

2           Plaintiffs hereby demand a jury trial of all claims and causes of action triable before a jury.

3 Dated:  June 30, 2017                     **BRAUNHAGEY & BORDEN LLP**

4                                 By:  /s/ J. Noah Hagey, Esq.

5                                     J. Noah Hagey, Esq.
                                    220 Sansome Street, Second Floor

6                                     San Francisco, CA 94104
                                    Telephone:  (415) 599-0210

7                                     Facsimile:  (415) 276-1808
                                    hagey@braunhagey.com

8                                   LOCAL COUNSEL FOR PLAINTIFF

9

10                                 **MARSHALL, GERSTEIN & BORUN LLP**

11                                   James E. Griffith (*pro hac vice* forthcoming)
                                    Gregory J. Chinlund (*pro hac vice*

12                                   forthcoming)
                                  Julianne M. Hartzell (*pro hac vice*

13                                   forthcoming)
                                  233 South Wacker Drive

14                                   6300 Willis Tower
                                  Chicago, IL  60606-6357

15                                   Telephone: (312) 474-6300

16                                   Fax: (312) 474-0448
                                  jgriffith@marshallip.com

17                                   gchinlund@marshallip.com

18                                   jhartzell@marshallip.com

19                                 ATTORNEYS FOR PLAINTIFF
                                THE ESTATE OF VIVIAN MAIER

20

21

22

23

24

25

26

27

28